UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY DIXON,<br>LARRY DIXON RACING, LLC,<br>CHAMPIONSHIP ADVENTURES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HOT ROD ASSOCIATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:19-cv-01470-JRS-DML<br>)<br>)<br>)<br>) |

**Order Denying Plaintiffs' Motion to Reconsider (ECF No. 35)**

Plaintiffs Larry Dixon, Larry Dixon Racing, LLC, and Championship Adventures, LLC (collectively, "Plaintiffs") move the Court to reconsider its entry dismissing Plaintiffs' defamation/trade libel claim. The Court has reexamined its previous ruling (ECF No. 34) and **denies** relief from judgment for the following reasons.

"Federal Rule of Civil Procedure 54(b) provides that non-final orders 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (quoting Fed. R. Civ. P. 54(b)); *see also Peterson v. Lindner,* 765 F.2d 698, 704 (7th Cir. 1985) (holding that a judge has the power to reconsider an interlocutory order at any time before final judgment). Because this Court's Order (ECF No. 34) did not enter a final judgment adjudicating all of Plaintiffs' claims, it was interlocutory and is therefore subject to reconsideration under Rule 54(b).

District courts in this circuit have applied the same standard to motions to reconsider under Rule 54(b) and Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *See, e.g., Monroe v. Meeks*, No. 18-CV-00156-NJR, 2020 WL 1048770, at *1 (S.D. Ill. Mar. 4, 2020); *Minix v. Canarecci*, No. 3:05-CV-144 RM, 2007 WL 9772243, at *1 (N.D. Ind. Feb. 23, 2007). *See also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A motion to reconsider is only proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[,]" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990), and cannot be "used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006), *as amended* (Apr. 11, 2006) (internal citation and quotation marks omitted).

Familiarity with the Court's previous entry is assumed. In their motion, Plaintiffs argue that the Court erroneously applied *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039 (7th Cir. 1999) in concluding that Plaintiffs failed to meaningfully respond to Defendant National Hot Rod Association's (NHRA) motion to dismiss regarding their claim of defamation/trade libel, and therefore forfeited their right to continue litigating those claims. Plaintiffs maintain that their response brief "invited the Court to analyze NHRA's challenge under NHRA's cited case law" and "invited the Court to apply legal principles cited by NHRA."

2

But as the Court stated in its previous Order, it is not the Court's role to "do the Plaintiff[s'] research and try to discover whether there might be something to say against the defendant['s] reasoning." *Kirksey*, at 168 F.3d at 1043. Litigants, not the Court, are to apply legal principles to the facts of the case and argue for their desired outcome. If Plaintiffs thought their claim prevailed even under the case law cited by NHRA, they were to explain their reasoning themselves, rather than hoping the Court would develop the argument for them. *See United States v. Hook,* 195 F.3d 299, 310 (7th Cir.1999) ("A party's failure to develop an argument constitutes a waiver of that claim, as '[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'") (quoting *Kauthar SDN BHD v. Sternberg,* 149 F.3d 659, 668 (7th Cir.1998)); *Stransky v. Cummins Engine Co., Inc.,* 51 F.3d 1329, 1335 (7th Cir. 1995) (Courts "will not invent legal arguments for litigants"); *Teumer v. General Motors Corp.*, 34 F.3d 542, 546 (7th Cir. 1994) ("failure to draw the district court's attention to an applicable legal theory waives pursuit of that theory").

Plaintiffs also argue that their response brief properly provided the Court with a legal basis for their defamation/trade libel claim by including a citation to one legal authority in a footnote. The footnote was placed after the heading of Plaintiffs' Defamation/Trade Libel section and cited to *J-M Mfg. Co. v. Phillips & Cohen LLP*, 247 Cal. App. 4th 87, 97 (2016), with the following quote: "Trade libel is an intentional disparagement of the quality of services or product of a business that results in pecuniary damage to the plaintiff[.]" However, even if Plaintiffs intended for the Court to

rely on California's definition of trade libel to analyze their claim, Plaintiffs did not make that clear, as the last sentence of the Defamation/Trade Libel section of their brief explains that the defamatory statements alleged in the Amended Complaint are "sufficient to support Plaintiffs' claim for defamation even under authority cited by NHRA." NHRA, however, cited to Indiana, Illinois, and Iowa law. By directing the Court to the authority cited by NHRA, Plaintiffs did not give the Court any guidance on what body of law they were pursuing their defamation/trade libel claim under. Without a legal basis or definition of defamation/trade libel, the Court could not possibly determine whether Plaintiffs' Amended Complaint properly stated a claim for relief.

Lastly, Plaintiffs argue, in the alternative, that the Court should have dismissed the defamation/trade libel claim without prejudice so that Plaintiffs could have an opportunity to amend. "The Supreme Court has interpreted [Rule 15] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019). Amendment of Plaintiffs' defamation/trade libel claim, however, would be futile, as the problem here is not the adequacy of pleadings but the adequacy of the legal argument in their brief. *See Cmty. Bank of Trenton v. Schnuck Markets, Inc.,* 887 F.3d 803, 825 (7th Cir. 2018).

In *Community Bank of Trenton*, plaintiff banks brought a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, alleging that defendant violated the Illinois Personal Information Protection Act (PIPA) by failing to disclose a

4

data breach for two weeks after learning of it. 887 F.3d at 824. However, plaintiffs failed to explain to the district court whether and how defendants' conduct fell under one of the operative subsections of the notice statute and not any of its exceptions. *Id.* at 824-825. The district court dismissed this claim with prejudice, finding plaintiffs legal allegations "too threadbare to suggest a plausible theory of relief." *Cmty. Bank of Trenton v. Schnuck Markets, Inc.,* No. 15-CV-01125-MJR, 2017 WL 1551330, at *7 (S.D. Ill. May 1, 2017), *aff'd,* 887 F.3d 803 (7th Cir. 2018). The Seventh Circuit affirmed, and, citing *Kirksey*, 168 F.3d at 1041, found plaintiffs had waived this claim by failing to respond to defendant's motion to dismiss. The Court noted that plaintiffs' response in opposition to the motion to dismiss dedicated only a page and a half to defending its PIPA claim, and was not sufficient to alert the district court as to what legal theory they were relying on, let alone to explain the theory to the district court. *See also County of McHenry,* 438 F.3d at 819 (affirming district court's decision to deny reconsideration of its order granting defendant's motion to dismiss without leave to amend because plaintiff had forfeited its argument that defendant waived its right to arbitration by not advancing it in its response to the motion to dismiss). In keeping with Seventh Circuit precedent, this Court denies Plaintiffs' request to amend as such amendment would be futile.

The problems warranting the grant of a motion to reconsider are rare. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (citation omitted). The Court is not persuaded that its conclusion was erroneous, and, even if the Court were so persuaded, Plaintiffs' motion does not set forth any of the

5

special circumstances warranting relief.  Plaintiff's motion (ECF No. 35) is therefore **denied.**

Plaintiffs have also filed a "Notice Clarifying Their Second Amended Complaint." (ECF No. 47.)  Plaintiffs' Second Amended Complaint pleads claims for denial of due process, breach of contract, negligent misrepresentation, defamation/trade libel, and coercion, despite the fact that the Court dismissed these claims with prejudice.  (*See* ECF No. 34.)  In their Notice, Plaintiffs explain that those claims were formalistically included in the Second Amended Claim to "avoid any argument on appeal that Plaintiffs abandoned those claims by omitting them from an amended complaint."  Plaintiffs apparently then discovered that claims dismissed with prejudice do not need to be re-pleaded to avoid waiving them on appeal, *see Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782 (7th Cir. 2013).  Those claims were dismissed before with prejudice for the reasons stated in the Order on Motion to Dismiss (ECF No. 34) and, as those claims are included in the Second Amended Complaint, they are once **again dismissed with prejudice**.

**SO ORDERED.**

Date:  7/2/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution via CM/ECF to all registered parties.